08 CV 10842

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THERESA BERMAN and PHIL BERMAN,

Plaintiffs,

-against-

BELLEVUE SOUTH ASSOCIATES LLP, RONAY MENSCHEL, ADAM WEINSTEIN, ROBERT PIACUS, PHIPPS HOUSES SERVICES INC., NEIL D. SONNENFELDT, JOSEPHINE PERRELLA, LISA BLOUNT, WILLIAM MULLIGAN and THE AMERICAN RED CROSS,

Defendants.

---------------------------------------------------------------X

Civil Action No.:

**NOTICE OF REMOVAL**

RECEIVED
DEC 12 2008
U.S.D.C. S.D. N.Y.
CASHIERS

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant AMERICAN NATIONAL RED CROSS, s/h/a THE AMERICAN RED CROSS (hereinafter referred to as "the Red Cross"), by its undersigned attorneys respectfully represent as follows:

1. On or about April 25, 2008, this action was re-commenced against the Red Cross by filing the action in the Supreme Court of the State of New York, New York County, by *pro se* plaintiffs Theresa Berman and Phil Berman. Upon information and belief, including a review of various documents located in the court file regarding this matter, plaintiff were granted at least one extension of time within which to serve the defendants. The suit is identified in the Supreme Court of the State of New York, New York County, as *Theresa Berman and Phil Berman v. Bellevue South Associates LLP, Ronay Menschel, Adam Weinstein, Robert Piacus, Phipps Houses Services Inc., Neil D. Sonnenfeldt, Josephine Perrella, Lisa Blount, William Mulligan and The American Red Cross*, Index No. 105909/08.

2. It is important to note at the outset that plaintiffs in this matter previously commenced a matter for the identical claims in April 2006, which was removed to this Court under Civil Action No. 07/7859, assigned to the Honorable Lewis A. Kaplan and eventually dismissed pursuant to Order issued on November 20, 2007 because plaintiffs failed to file a Complaint after being directed to do so by the Court. For the Court's reference, a copy of the previous removal application and the Order of Dismissal have been attached as Exhibit "A."

3. The Summons with Notice is the initial pleading setting forth the claim for relief upon which this *pro se* action is based. The Red Cross first received copies of the Summons with Notice for the re-commenced action on or about November 17, 2008. A copy of the Summons with Notice is attached as Exhibit "B."

4. No complaint has been served upon the Red Cross.

5. The Plaintiffs' Summons with Notice in the Supreme Court of the State of New York, County of New York, purports to set forth claims for "negligence, gross negligence, willful misconduct, breach of warranty, fraud, assault, false imprisonment, illegal search, harassment, theft of property, property damage, personal injury, slander, libel," and demands "compensatory money damages of fifteen million dollars $15,000,000 and unspecified punitive damages to date."

6. The petitioner first received notice that this case was removable on November 17, 2008 (the aforesaid date of its receipt of the Summons with Notice), at which time it was determined that federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and (b) exists over the Red Cross by virtue of 36 U.S.C. § 300105(a)(5).

7. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the Summons with Notice by the Red Cross, which received a copy of the Summons with Notice on November 17, 2008.

**JURISDICTION**

8. Federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and (b) exists over the Red Cross by virtue of 36 U.S.C. § 300105 (a)(5), a provision of the Red Cross's federal charter granting it the power to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."

9. The United States Supreme Court has construed the "sue-and-be-sued" provision of the Red Cross's charter as conferring "original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state law action it is defending." *American National Red Cross v. S.G.*, 505 U.S. 247, 248, 112 S.Ct. 2465 (1992).

**PARTIES**

10. The Red Cross is informed and believes that the plaintiffs, Theresa Berman and Phil Berman, are now, and were at the time of filing of the Summons and Complaint in this action, and at all intervening times, citizens of the State of New York.

11. The Red Cross is now, and was at the time of the filing of the Summons and Complaint in this action, and at all intervening times, a corporation organized by act of the United States Congress in the District of Columbia, with its principal place of business in the District of Columbia.

12. The Red Cross desires to remove this action to this Court and therefore submits this Notice of Removal, along with Exhibit "B," in accordance with 28 U.S.C. §§ 1441(a) and (b) and 1446.

13. In satisfaction of the "unanimity rule" of 28 U.S.C. § 1446(a), on December 3, 2008, the office contacted counsel for co-defendants *Bellevue South Associates LLP, Ronay Menschel, Adam Weinstein, Robert Piacus, Phipps Houses Services Inc., Josephine Perrella, Lisa Blount and William Mulligan*, and obtained consent for the removal of this action.

14. Again in satisfaction of the "unanimity rule" of 28 U.S.C. § 1446(a), on December 12, 2008, the office contacted counsel for co-defendant *Neil D. Sonnenfeldt* and obtained consent for the removal of this action.

15. The Red Cross reserves the right to amend or supplement this Notice of Removal.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

17. Pursuant to 28 U.S.C. § 1446(d), petitioners are providing written notice to plaintiffs Theresa Berman and Phil Berman at the address provided on plaintiffs' Summons with Notice.

**WHEREFORE**, AMERICAN NATIONAL RED CROSS, the defendant-petitioner in the action described herein, currently pending in the Supreme Court of the State of New York, County of New York, Index Number 105909/08, prays that the action be removed to this Court.

Dated: New York, New York
December 12, 2008

Yours, etc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By:____________________________
Matthew J. McCauley (MM-9610)
*Attorneys for Defendant*
AMERICAN NATIONAL RED CROSS,
s/h/a "AMERICAN RED CROSS"
125 Broad Street
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
[SDMA File No. 2912-122545]

TO: Ms. Theresa Berman
Mr. Phil Berman
480 2nd Avenue
New York, NY 10016

Smith Mazure Director Wilkins Young & Yagerman, P.C.
*Attorneys for Defendants*
*Bellevue South Associates LLP, Ronay Menschel,*
*Adam Weinstein, Robert Piacus,*
*Phipps Houses Services Inc., Josephine Perrella,*
*Lisa Blount and William Mulligan*
111 John Street, 20th Floor
New York, NY 10038
Telephone: (212) 964-7400
Facsimile: (212) 374-1935

Gutman, Mintz, Baker & Sonnenfeldt, PC
*Attorneys for Defendant*
*Neil D. Sonnenfeldt*
813 Jericho Turnpike
New Hyde Park, New York 11040
Telephone: (516) 775-7007
Facsimile: (516) 775-7052

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached NOTICE OF REMOVAL was served via regular mail on December 12, 2008, upon:

Ms. Theresa Berman
Mr. Phil Berman
480 2nd Avenue
New York, NY 10016

Smith Mazure Director Wilkins Young & Yagerman, P.C.
*Attorneys for Defendants*
*Bellevue South Associates LLP, Ronay Menschel,*
*Adam Weinstein, Robert Piacus,*
*Phipps Houses Services Inc., Josephine Perrella,*
*Lisa Blount and William Mulligan*
111 John Street, 20th Floor
New York, NY 10038

Gutman, Mintz, Baker & Sonnenfeldt, PC
*Attorneys for Defendant*
*Neil D. Sonnenfeldt*
813 Jericho Turnpike
New Hyde Park, New York 11040

Dated: New York, New York
December 12, 2008

MATTHEW J. McCAULEY (MM-9610)

Exhibit A

Case closed 11/21/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

THERESA BERMAN, et ano.,

Plaintiffs,

-against-

07 Civ. 7859 (LAK)

BELLEVUE SOUTH ASSOCIATES LLP, et al.,

Defendants.

---------------------------------------------------------------x

#8

U.S. ... S.D. OF N.Y.

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

The action is dismissed without prejudice for the reason set forth in the report and recommendation of Magistrate Judge Peck to which no objection has been filed.

SO ORDERED.

Dated: November 20, 2007

Lewis A. Kaplan
United States District Judge

Copies mailed 11/20/07
Chambers of Judge Kaplan

MICROFILMED NOV 21 2007 -12 00 PM

[NOT FOR PUBLICATION]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

THERESA BERMAN & PHIL BERMAN,

Plaintiffs,

-against-

BELLEVUE SOUTH ASSOCIATES LLP, PHIPPS HOUSE SERVICES INC., WILLIAM MULLIGAN, JOSEPHINE PERRELLA, LISA BLOUNT, NEIL D. SONNENFELDT, EDDIE WARREN, VINCENT BANCEK, JULIA RODRIGUEZ, FJC SECURITY, AMERICAN RED CROSS, THE CITY OF NEW YORK - N.Y.P.D. & THE CITY OF NEW YORK - F.D.N.Y.,

Defendants.

---------------------------------------- x

07 Civ. 7859 (LAK) (AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Lewis A. Kaplan, United States District Judge:**

Pro se plaintiffs Theresa Berman and Phil Berman commenced this removed action in Supreme Court, New York County, by filing a "Summons With Notice," without a complaint. By Order dated September 26, 2007, I directed plaintiffs to file a complaint by October 19, 2007. (Dkt. No. 5: 9/26/07 Order.) That Order also provided that: "Failure to file a complaint by October 19, 2007 will result in dismissal of this action." (Id.)

H:\OPIN\

The deadline has passed and plaintiffs have not filed a complaint or responded in any way to this Court's Order. Normally, I might do an "Order to Show Cause," giving plaintiffs one more chance to comply. However, both the certified and regular mail copies of my September 26, 2007 Order were returned by the Post Office as "Not Deliverable as Addressed, Unable to Forward" and "Return to Sender, Attempted - Unknown, Unable to Forward."

Accordingly, the Court should dismiss this action without prejudice.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
October 31, 2007

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies to: Theresa Berman & Phil Berman (Regular Mail)
Jason D. Turken, Esq. (Fax)
Craig Koster, Esq. (Fax)
Judge Lewis A. Kaplan

H:\OPIN\

JS 44C/SDNY
REV. 12/2005

JUDGE KAPLAN

# CIVIL COVER SHEET

07 CIV 7859

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Theresa Berman
Phil Berman

**DEFENDANTS**
American National Red Cross, s/h/a "American Red Cross," et al.

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Pro Se
480 Second Avenue, New York, NY 10016

**ATTORNEYS (IF KNOWN)**
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, New York, NY 10004

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

SEP 06 2007

Removal pursuant to 28 U.S.C. 1331 and 1441(a) and (b), and by virtue of 36 U.S.C. 300105(a)(5).

Has this or a similar case been previously filed in SDNY at any time? No [X] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date ____________ & Case No. ____________

*(PLACE AN [x] IN ONE BOX ONLY)* NATURE OF SUIT

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**TORTS**

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[x] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[x] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[x] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**ACTIONS UNDER STATUTES**

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $__________ OTHER __________ JUDGE ____________________ DOCKET NUMBER __________

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

☐ 1 Original Proceeding
☐ 2a. Removed from State Court
☒ 2b. Removed from State Court AND at least one party is a pro se litigant
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from (Specify District)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) ☐ 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Theresa Berman
Phil Berman
480 2nd Avenue
New York, NY 10016
Pro Se
County of New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Sedgwick, Detert, Moran & Arnold, LLP, 125 Broad Street, 39th Floor, New York, NY 10004 (County of New York)
Attorneys for American National Red Cross

The Phipps Houses Groups, 902 Broadway, New York, NY 10010 (County of New York)

City of New York, Office of Corporation Counsel, 100 Church Street, New York, NY 10007 (County of New York)

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Bellevue South Associates, LLP, William Mulligan, Josephine Perrella, Lisa Blount, Neil D. Sonnenfeldt, Eddie Warren, Vincent Bancek, Julia Rodriguez, and FJC Security

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 9/6/07 SIGNATURE OF ATTORNEY OF RECORD [signature]

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. Sept. Yr. 1990 )
Attorney Bar Code # JDT 0075

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge MAG. PECK is so Designated.

J Michael McMahon, Clerk of Court by ________ Deputy Clerk, DATED ________.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

ORIGINAL-WHITE DUPLICATE-YELLOW TRIPLICATE-PINK

RECEIPT FOR PAYMENT

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

E 626225

at

RECEIVED FROM Sedgwick

07cv7859.
Complaint

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (½) |
| 510100 | Registry Fee |

INVOICE #81828

DATE\TIME: 9/6/2007 2:41:46 PM
CASHIER: LATECIA
STATION: 01

=========================================

1 COMPLAINT 4/06 $350.00
086900 $60.
510000 $190.00
086400 $100.00

=========================================

GRAND TOTAL $350.00

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE: 20 | Cash | Check | M.O. | Credit |
|---|---|---|---|---|
| | | | | |

DEPUTY CLERK:

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

THERESA BERMAN and PHIL BERMAN,

Plaintiffs,

-against-

BELLEVUE SOUTH ASSOCIATES LLP, PHIPPS HOUSES SERVICES INC., WILLIAM MULLIGAN, JOSEPHINE PERRELLA, LISA BLOUNT, NEIL D. SONNENFELDT, EDDIE WARREN, VINCENT BANCEK, JULIA RODRIGUEZ, FJC SECURITY, AMERICAN RED CROSS, THE CITY OF NEW YORK – N.Y.P.D. and THE CITY OF NEW YORK – F.D.N.Y.,

Defendants.

---------------------------------------------------------------X

Civil Action No.:

**NOTICE OF NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that defendant AMERICAN NATIONAL RED CROSS, s/h/a "AMERICAN RED CROSS," has on September 6, 2007, filed in the Supreme Court of the State of New York, New York County, a Notice of Filing of Notice of Removal in the above-captioned action, a copy of which is annexed hereto.

Dated: New York, New York
September 6, 2007

Yours, etc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: ______________________
Jason D. Turken (JT-0075)
*Attorneys for Defendant*
AMERICAN NATIONAL RED CROSS, s/h/a "AMERICAN RED CROSS"
125 Broad Street
New York, New York 10004-2400
(212) 422-0202
[SDMA File No. 2912-122545]

TO: Ms. Theresa Berman
Mr. Phil Berman
480 2nd Avenue
New York, NY 10016

The Phipps Houses Group
902 Broadway
New York, NY 10010

New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THERESA BERMAN and PHIL BERMAN,

Plaintiffs,

-against-

BELLEVUE SOUTH ASSOCIATES LLP, PHIPPS HOUSES SERVICES INC., WILLIAM MULLIGAN, JOSEPHINE PERRELLA, LISA BLOUNT, NEIL D. SONNENFELDT, EDDIE WARREN, VINCENT BANCEK, JULIA RODRIGUEZ, FJC SECURITY, AMERICAN RED CROSS, THE CITY OF NEW YORK – N.Y.P.D. and THE CITY OF NEW YORK – F.D.N.Y.,

Defendants.
-----------------------------------------------------------------X

Civil Action No.:

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant AMERICAN NATIONAL RED CROSS, s/h/a AMERICAN RED CROSS (hereinafter referred to as "the Red Cross"), by its undersigned attorneys respectfully represent as follows:

1. On or about April 25, 2006, this action was commenced against the Red Cross by filing the action in the Supreme Court of the State of New York, New York County, by *pro se* plaintiffs Theresa Berman and Phil Berman. Upon information and belief, including a review of various documents located in the court file regarding this matter, plaintiffs were granted numerous extensions of time within which to serve the defendants. The suit is identified in the Supreme Court of the State of New York, New York County, as *Theresa Berman and Phil Berman v. Bellevue South Associates, LLP, Phipps Houses Services Inc., William Mulligan, Josephine Perrella, Lisa Blount, Neil D. Sonnenfeldt, Eddie Warren, Vincent Bancek, Julia*

*Rodriguez, FJC Security, American Red Cross, The City of New York – N.Y.P.D. and The City of New York, F.D.N.Y*, Index No. 105635/06.

2. The Summons with Notice is the initial pleading setting forth the claim for relief upon which this *pro se* action is based. The Red Cross first received copies of the Summons with Notice on or about August 8, 2007. A copy of the Summons with Notice is attached as Exhibit "A."

3. No complaint has been served upon the Red Cross.

4. The Plaintiff's Summons with Notice in the Supreme Court of the State of New York, County of New York, purports to set forth claims for "breach of warranty, fraud, negligence, assault, false imprisonment, illegal search, harassment, theft, property damage, personal injury, slander and libel," and demands "$15 million in compensatory damages," along with "unspecified punitive damages."

5. The petitioner first received notice that this case was removable on August 8, 2007 (the aforesaid date of its receipt of the Summons with Notice), at which time it was determined that federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and (b) exists over the Red Cross by virtue of 36 U.S.C. § 300105(a)(5).

6. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the Summons with Notice by the Red Cross, which received a copy of the Summons with Notice on August 8, 2007.

**JURISDICTION**

7. Federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) and (b) exists over the Red Cross by virtue of 36 U.S.C. § 300105 (a)(5), a provision of the Red Cross's

federal charter granting it the power to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."

8. The United States Supreme Court has construed the "sue-and-be-sued" provision of the Red Cross's charter as conferring "original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state law action it is defending." *American National Red Cross v. S.G.*, 505 U.S. 247, 248, 112 S.Ct. 2465 (1992).

**PARTIES**

9. The Red Cross is informed and believes that the plaintiffs, Theresa Berman and Phil Berman, are now, and were at the time of filing of the Summons and Complaint in this action, and at all intervening times, citizens of the State of New York.

10. The Red Cross is now, and was at the time of the filing of the Summons and Complaint in this action, and at all intervening times, a corporation organized by act of the United States Congress in the District of Columbia, with its principal place of business in the District of Columbia.

11. The Red Cross desires to remove this action to this Court and therefore submits this Notice of Removal, along with Exhibit "A," in accordance with 28 U.S.C. §§ 1441(a) and (b) and 1446.

12. In satisfaction of the "unanimity rule" of 28 U.S.C. § 1446(a), the undersigned contacted co-defendant Phipps Houses Group, and was informed that Phipps Houses Group consents to the removal of this action.

13. Again in satisfaction of the "unanimity rule" of 28 U.S.C. § 1446(a), on August 28, 2007, this office contacted co-defendant City of New York through Manhattan Torts

Division Borough Chief Jenny Montana-O'Connor, at the Office of Corporation Counsel, and requested consent to the removal of this action (see email attached as Exhibit "B"). This office contacted Ms. Montana-O'Connor again on September 4, 2007, requesting consent to the removal of this action (see email attached as Exhibit "C"). To date, we have not received a reply to the request.

14. Again in satisfaction of the "unanimity rule" of 28 U.S.C. § 1446(a), the undersigned has reviewed the docket of the state court from which this action has been removed and has determined, based on the lack of any affidavits of service or any responsive pleading documents related to co-defendants Bellevue South Associates, LLP, William Mulligan, Josephine Perrella, Lisa Blount, Neil D. Sonnenfeldt, Eddie Warren, Vincent Bancek, Julia Rodriguez and FJC Security, that these defendants have not been served. Consequently, because the above-named co-defendants have not been served with a copy of the initial pleading in this action, their consent to removal is not required. See, e.g., Ell v. S.E.T. Landscape Design, Inc., 34 F.Supp.2d 188 (S.D.N.Y. 1999).

15. The Red Cross reserves the right to amend or supplement this Notice of Removal.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

17. Pursuant to 28 U.S.C. § 1446(d), petitioners are providing written notice to plaintiffs Theresa Berman and Phil Berman at the address provided on plaintiffs' Summons with Notice.

**WHEREFORE**, AMERICAN NATIONAL RED CROSS, the defendant-petitioner in the action described herein, currently pending in the Supreme Court of the State of New York,

County of New York, Index Number 105635/06, prays that the action be removed to this Court.

Dated: New York, New York
September 6, 2007

Yours, etc.

SEDGWICK, DETERT, MORAN
& ARNOLD LLP

By: ______________________
Jason D. Turken (JT-0075)
*Attorneys for Defendant*
AMERICAN NATIONAL RED CROSS,
s/h/a "AMERICAN RED CROSS"
125 Broad Street
New York, New York 10004-2400
(212) 422-0202
[SDMA File No. 2912-122545]

TO: Ms. Theresa Berman
Mr. Phil Berman
480 2nd Avenue
New York, NY 10016

The Phipps Houses Group
902 Broadway
New York, NY 10010

New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

Exhibit A

R

[Print in black ink to fill in the spaces next to the instructions. *Both* pages *must* be completed. This summons cannot be used for divorce actions.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---X

ms. Theresa Berman
mr. Phil Berman

[Your name(s)] Plaintiff(s)

-against-

Bellevue South Associates L.P. And
[See Attached Rider]

[Name(s) of party being sued] Defendant(s)

---X

SUMMONS WITH NOTICE

Index No. 6305337

Date Index No. purchased 4/25/, 2006

06105635

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff(s) at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: 4/20, 2006
[Date of summons]

FILED
APR 25 2006
NEW YORK
COUNTY CLERK'S OFFICE

RECEIVED
AUG 08 2007
By Daisy Kato

[Sign your name(s)]

ms. Theresa Berman
mr. Phil Berman
[Print your name(s)]

480 2nd Ave.
n.y. n.y. 10010

[Your address(es) and telephone no.(s)]

Defendant(s)

902 Broadway n.y. n.y.c.
813 Jericho turnpike
new Hyde Park 11040

150 Amsterdam At 66th st
100 church st. n.y. n.y.

[Address(es) of party being sued]

# ATTached RIDER

Phipps Houses Services Inc.
William Mulligan
Josephine Perrella
Lisa Blount
Neil D. Sonnenfeldt
Eddie Warren
Vincent Bancek
Julia Rodriguez
FJC Security
American Red Cross
The City of N.Y. - N.Y.P.D.
The City of N.Y. - F.D.N.Y.

Notice: The nature of this action is [briefly describe the nature of your case against the defendant(s), such as, breach of contract, negligence]: Breach of warranty, Fraud, Negligence, Assault, False Imprisonment, Illegal search, Harassment, Theft, Property Damage, Personal Injury, Slander, Libel.

The relief sought is [briefly describe the kind of relief you are asking for, such as, money damages of $25,000] Compensatory Money Damages of Fifteen Million Dollars, $15,000,000. And Unspecified Punitive Damages.

Should defendant(s) fail to appear herein, judgment will be entered by default for the sum of 15 million compensatory damages and unspecified punitive [amount of money demanded], with interest form the date of 4/25/06 [date from which interest on the amount demanded is claimed] and the costs of this action.

Venue:

Plaintiff(s) designate New York County as the place of trial. The basis of this designation is [check box that applies]:

☒ Plaintiff(s) residence in New York County

☐ Defendant(s) residence in New York County

☐ Other [See CPLR Article 5]: ________________

Exhibit B

## Coleman, Nora

**From:** McCauley, Matthew
**Sent:** Tuesday, August 28, 2007 3:58 PM
**To:** 'jmontana@law.nyc.gov'
**Cc:** Turken, Jason; Coleman, Nora; McCauley, Matthew
**Subject:** Berman v. City of New York, et al (American Red Cross)

Jenny:
Nice chatting with you today.
As I explained, we are under a time constraint for removing this matter to federal court and would need to do so by next week.
Please let me know if your office consents to the removal of the case.
I have also attached copies of pleadings that we have received thus far. If you have any other materials/filings by plaintiff, it would be greatly appreciated if you would provide us with a copy so that we can all be on the same page.
Send my regards to Muriel as you try to pass this case along.
If you have any questions, please contact me at your convenience.
Best Regards,
Matt

**Matthew J. McCauley**
Attorney at Law

SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Direct: 212.898.4037
Main: 212.422.0202
Fax: 212.422.0925
Matthew.McCauley@sdma.com
www.sdma.com

Exhibit C

**Coleman, Nora**

---

**From:** McCauley, Matthew

**Sent:** Tuesday, September 04, 2007 3:31 PM

**To:** 'Montana-O'Connor, Jenny'

**Cc:** Turken, Jason; Coleman, Nora

**Subject:** RE: Berman v. City of New York, et al (American Red Cross)

Hi Jenny:
Hope you enjoyed your weekend.
Just checking in on our request for you consent for removal of this matter to federal court.

Thanks
Matt

**Matthew J. McCauley**
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Direct: 212.898.4037

-----Original Message-----
**From:** Montana-O'Connor, Jenny [mailto:JMontana@law.nyc.gov]
**Sent:** Tuesday, August 28, 2007 4:32 PM
**To:** McCauley, Matthew
**Subject:** RE: Berman v. City of New York, et al (American Red Cross)

Thank you. I forwarded the request to Muriel. Note that we only received a Summons with Notice. We sent a demand for a complaint but our demand was returned as undeliverable, even though we used the address on the Ssummons. I'll keep you posted.

---

**From:** McCauley, Matthew [mailto:matthew.mccauley@sdma.com]
**Sent:** Tuesday, August 28, 2007 3:58 PM
**To:** Montana-O'Connor, Jenny
**Cc:** Turken, Jason; Coleman, Nora; McCauley, Matthew
**Subject:** Berman v. City of New York, et al (American Red Cross)

Jenny:
Nice chatting with you today.
As I explained, we are under a time constraint for removing this matter to federal court and would need to do so by next week.
Please let me know if your office consents to the removal of the case.
I have also attached copies of pleadings that we have received thus far. If you have any other materials/filings by plaintiff, it would be greatly appreciated if you would provide us with a copy so that we can all be on the same page.
Send my regards to Muriel as you try to pass this case along.
If you have any questions, please contact me at your convenience.
Best Regards,
Matt

**Matthew J. McCauley**
Attorney at Law

SEDGWICK, DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Direct: 212.898.4037
Main: 212.422.0202
Fax: 212.422.0925
Matthew.McCauley@sdma.com
www.sdma.com

---

The information in this email is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this email in error, please notify the sender immediately by replying to this email. Do not disclose the contents to anyone. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached NOTICE OF REMOVAL was served via regular mail on September 6, 2007, upon:

Ms. Theresa Berman
Mr. Phil Berman
480 2nd Avenue
New York, NY 10016

The Phipps Houses Group
902 Broadway
New York, NY 10010

New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

Dated: New York, New York
September 6, 2007

JASON D. TURKEN (JT-0075)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached NOTICE OF NOTICE OF FILING OF NOTICE OF REMOVAL was served via regular mail on September 6, 2007, upon:

Ms. Theresa Berman
Mr. Phil Berman
480 2nd Avenue
New York, NY 10016

The Phipps Houses Group
902 Broadway
New York, NY 10010

New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

Dated: New York, New York
September 6, 2007

JASON D. TURKEN (JT-0075)



NY/508009v1

Exhibit B

[Print in *black* ink all areas in bold letters. *Both* pages *must* be completed. This summons *cannot* be used for divorce actions.]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**SUMMONS WITH NOTICE**

Ms. Theresa Berman
Mr. Phil Berman

[your name(s)] Plaintiff(s)

- against -

Bellevue South Associates, LLP. And [See Attached Rider I]

[name(s) of party being sued] Defendant(s)

Index Number 08105909

Date Index Number purchased 4/20/, 2008

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the plaintiff(s) at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: 4/20/, 2008
[date of summons]

FILED APR 25 2008 COUNTY CLERK'S OFFICE NEW YORK

[sign your name(s)]

Theresa Berman
Phil Berman

[print your name(s)]

480 2nd Ave.
N.Y. N.Y. 10016

[your address(es), telephone number(s)]

Defendant(s) 902 Broadway N.Y. N.Y.C. / 520 W. 49th St. N.Y.
813 Jericho Turnpike
New Hyde Park, N.Y. 11040

[address(es) of party being sued]

7-06

Notice: The nature of this action is [*briefly* **describe the nature of your case against the defendant(s), such as, breach of contract, negligence]:**

negligence, gross negligence, willful misconduct, Breach of warranty

Fraud, Assault, False Imprisonment, Illegal search, Harassment,

theft of property, property damage, personal injury,

slander, libel.

The relief sought is [*briefly* **describe the kind of relief you are asking for, such as, money damages of $25,000]** Compensatory money damages of Fifteen million dollars $15,000,000. And unspecified punitive damages to date.

Should defendant(s) fail to appear herein, judgment will be entered by default for the sum of 15 million compensatory damages And unspecified punitive [amount of money demanded], with interest form the date of 4/20/08 [date from which interest on the amount demanded is claimed] and the costs of this action.

Venue:

Plaintiff(s) designate New York County as the place of trial. The basis of this designation is

**[check box that applies]:**

☑ Plaintiff(s) residence in New York County

☐ Defendant(s) residence in New York County

☐ Other [See CPLR Article 5]: ______________

# Attached Rider

Ronay Menschel
Adam Weinstein
Robert Pinous
Phipps Houses Services Inc.
Neil D. Sonnenfeldt
Josephine Perrella
Lisa Blount
William Mulligan
American Red Cross

APPROVED FOR THE PAYMENT OF MOTION FEE ONLY

At an Ex-Parte Motion Part of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse, 60 Centre Street, Borough of Manhattan, City and State of New York, on the 18 day of August 2008

MARTIN SCHOENFELD

PRESENT: Hon. ____________________ Justice

Theresa Berman x

Index No. 105909/08

ORDER

Plaintiff(s)

against

Bellevue South Assoc. L.P. (Attached Rider) Defendant(s)

019163

x

The Plaintiff having duly made application to this Court for an Order pursuant to CPLR §306-b, §2004, §3012(d), and /or §2005, for an extension of time to serve the defendant with the Summons and Complaint, and plaintiff's said application having been duly submitted to the office of the *Ex Parte Clerk*, and

Upon reading and filing the affidavit of Theresa Berman, plaintiff, pro se, sworn to before a notary on 8/13/08 and all the exhibits annexed thereto in support of plaintiff's application for an extension of time to serve the defendant with the Summons and Complaint in this action and the matter having been duly submitted to the Court for a decision, and after due deliberation having been had thereon,

FILED AUG 18 2008 NEW YORK COUNTY CLERK'S OFFICE

NOW, on motion of Theresa Berman plaintiff, pro se, it is

ORDERED, that plaintiff's time within which to serve defendant with the Summons and Complaint in this action, and file an affidavit of service, is hereby extended 90 days from the date of August 25, 2008, said time to expire on the 24th day of November, 2008.

ENTER:

MARTIN SCHOENFELD